**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN MIKULKA and CAROLYN,
MIKULKA, his wife,

       Plaintiffs,

vs.                                  CASE NO. 3:10-cv-588-J-32TEM

HAMILTON BEACH BRANDS, INC,
a foreign corporation, and COSTCO
WHOLESALE CORPORATION, a
foreign corporation,

       Defendants.

_____/

## O R D E R

     This matter is before the Court on Defendants' Joint Motion to Compel Rule 35 Physical Examination of Plaintiff John Mikulka ("Plaintiff") (Doc. #24, Motion).  Plaintiff has filed a response in opposition to the Motion (Doc. #28).  For the reasons stated herein, the Motion (Doc. #24) will be **GRANTED, in part**.

     Pursuant to Rule 35, Fed. R. Civ. P., when the physical or mental condition of a party is in controversy, the Court in which the action is pending may order the party to submit to an examination by a suitably licensed or certified examiner.   Upon review of all documents filed in this case, the Court finds Plaintiff has indeed placed his physical condition into controversy, and that good cause exists for the requested medical examination.  While Defendants apparently have access to Plaintiff's pertinent medical records (Doc. #28 at 1-2), counsel for Defendants have not had the benefit of an examination by a physician of their choosing.   Such an examination could facilitate

settlement of the case, should the findings prove favorable to Plaintiff.  *See Bennett v. White Laboratories, inc.*, 841 F. Supp. 1155, 1158 (M.D. Fla. 1993).

In the Motion, Defendants seek to compel Plaintiff to appear for a physical examination by orthopedic surgeon, John C. Crick, M.D. ("Dr. Crick"), in Jacksonville, Florida (Doc. #24 at 7).  Defendants further request that Plaintiff be required to pay his own travel expenses associated the examination (Doc. #24 at 7).[1]

By way of his response, Plaintiff maintains that Defendants' request that Plaintiff travel to the forum in order to undergo a physical examination "works to add expense and inconvenience to Plaintiff" (Doc. #28 at 4).  While this may be so, added expense and inconvenience it is not the applicable standard.  A plaintiff must demonstrate "undue hardship" if he or she is to overcome the general rule that a Rule 35 physical examination be performed in the forum where the case is pending.  *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) (internal citations omitted); *McDonald v. Southworth*, No. 1:07-cv-217-JMS-DFH, 2008 WL 2705557, at *6-7 (S.D. Ind. July 10, 2008).[2]  "This rule ensures that the examining doctor is available as a witness at trial." *Levick*, 228 F.R.D. at 672.

On the information provided, the Court finds Plaintiff has neither shown substantial hardship, nor compelling grounds for setting aside the general rule regarding the preferable

---

[1] Plaintiff apparently resides in New Jersey (Doc. #28 at 3).  In addition, it appears that Plaintiff is neither destitute nor unable to travel.  Specifically, Plaintiff is apparently gainfully employed and, since the date of the incident which underlies this lawsuit, he has traveled to Florida, Lake Tahoe, Italy, and Cancun, Mexico (see Doc. #24 at 3; see also Doc. #27-1 at 14, Deposition of Plaintiff Carolyn Mikulka; Doc. #27-2 at 8, Deposition of Plaintiff John Mikulka).

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

location of examinations.  Therefore, the Court will require Plaintiff to appear for a physical examination in Jacksonville, Florida, at his own expense.

The undersigned further finds that Dr. Crick's qualifications are satisfactory under Rule 35.[3]

Based on the foregoing, it is hereby **ORDERED**:

1.       Defendants' Joint Motion to Compel Rule 35 Physical Examination of Plaintiff John Mikulka (Doc. #24) is **GRANTED to the extent provided herein**.

2.       Plaintiff shall submit to the proposed examinations at a time mutually convenient to the parties, but in no event later than **close of business on July 29, 2011**. If Plaintiff chooses to fly to Jacksonville, **every effort should be made to schedule the examination to allow Plaintiff to return to New Jersey on the same day**.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of July, 2011.

Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

---

[3] The undersigned arrived at this conclusion by reviewing Dr. Crick's licensing credentials.  Florida Department of Health, http://ww2.doh.state.fl.us/irm00Profiling/print_report.asp?LicId=22034&ProfNBR=1501&printer=TRUE (last visited July 1, 2011).